**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                              |   |                                |
|------------------------------|---|--------------------------------|
| WILLIE E. HARRIS,            | ) |                                |
|                              | ) |                                |
| Plaintiff,                   | ) |                                |
|                              | ) | Civil Action No. 04-1899 (EGS) |
| v.                           | ) |                                |
|                              | ) |                                |
| ELAINE L. CHAO, Secretary    | ) |                                |
| of Labor,                    | ) |                                |
|                              | ) |                                |
| Defendant.                   | ) |                                |

**MEMORANDUM OPINION**

Plaintiff Willie Harris brings this action against Elaine Chao, Secretary of Labor, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 631 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 *et seq*. Plaintiff alleges discrimination on the basis of race, age, and sex based on his non-selection for a promotion to a GS-15 position at the Department of Labor. Currently pending before the Court is defendant's motion for summary judgment, which argues that plaintiff is unable to establish a prima facie case for discrimination and that he his unable to demonstrate pretext in the face of defendant's legitimate, non-discriminatory reasons for the promotion decision. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court determines that plaintiff is unable

1

to demonstrate that defendant's promotion explanation is pretext and thus cannot meet his burden at summary judgment.  Therefore, for the reasons stated herein, defendant's motion for summary judgment is **GRANTED**.

## BACKGROUND[1]

Plaintiff is an African-American male who was 53 years old in 2001.  He was originally hired by the Department of Labor as a Procurement Clerk in 1974.  Over the years, he was promoted to a GS-14 Grants Management Specialist position, the latest promotion occurring on December 30, 2000.  In this position, plaintiff was a team leader for the Workforce National Grant Program.  Plaintiff reported to the Chief of Federal Assistance, Janice Perry.

Perry retired in January 2001, leaving a vacancy in her position, GS-15 Grants Management Specialist in the Division of Federal Assistance.  This position was in the Employment and Training Association's ("ETA") Office of Grants and Contracts Management, which provides centralized services to ETA's National Office for Federal Assistance to ensure effective and uniform implementation of procurement regulations within ETA.  A vacancy announcement for this position was advertised from January 9 to

---

[1] Unless otherwise noted, these facts are drawn from defendant's statement of material facts and were not disputed by plaintiff.

January 19, 2001.  To qualify for the position, applicants must have had at least one year of specialized experience equivalent to the next lower grade in federal service.  Candidates must have met the time in grade requirements by the closing date of the announcement, in this case January 19, 2001.

Plaintiff did not apply for the GS-15 position during the advertised period.  Instead, he contacted the agency's Equal Employment Opportunity ("EEO") Office after the position closed and asked that he be allowed to submit his application.  Despite the fact that plaintiff failed to meet the time in grade requirement for the position, his name was placed on a certificate of eligible candidates as a result of administrative error on the part of a personnel specialist.

Due to a change in presidential administration, defendant did not receive authority to fill the GS-15 position until approximately August 2001.  The four best qualified candidates listed on the certificate of eligible candidates, which included plaintiff, were interviewed in August 2001.  All interviews were conducted by Robert Parker, the former Procurement Officer in the Division of Assistance Services and the Division of Contract Services.  Parker was specifically looking for a candidate who could effectively work with other federal agencies and articulate the organization's policies, direction, and expectations.  Parker evaluated the candidates by reviewing each of their applications

against the advertised criteria and asking the candidates three standard questions during the interview.  Parker did not take notes during the interviews.

Parker selected Laura Cesario for the GS-15 position on August 22, 2001.  Cesario is a white female who was 39 years old at the time of the promotion.  Parker has stated that his selection was based solely on Cesario's qualifications, and that her completed application and responses to the interview questions were superior to the three other candidates.  *See* Def.'s Ex. C, Report of Investigation ("ROI") Tab F1, Parker Aff. Parker specifically contended that Cesario had better communication skills than plaintiff, and that her interview responses demonstrated a greater understanding of relevant new technology and the proper role of a division director.  Parker noted that plaintiff had the technical experience for the position, but that he did not communicate effectively.  Parker also stated that Cesario's application materials reflected greater leadership skills and a broader set of experiences, including experience with high-level management and other federal agencies.

In October 2001, plaintiff reported to an EEO counselor that his non-selection for the GS-15 position was discriminatory. When the matter could not be resolved informally, plaintiff filed a formal complaint on April 3, 2002, claiming discrimination on

the basis of race, age, and sex.  A final agency decision was issued on June 29, 2004, finding that plaintiff had failed to establish his claims of discrimination.  On July 24, 2004, the Equal Employment Opportunity Commission issued a judgment affirming the final agency decision.  Plaintiff filed suit in this Court on November 1, 2004, bringing claims of race, age, and sex discrimination under Title VII and the ADEA.  Following discovery, defendant moved for summary judgment.

## STANDARD OF REVIEW

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324.

**ANALYSIS**

All of plaintiff's claims are analyzed under the familiar *McDonnell Douglas* framework.  Within that framework, defendant's first argument is that plaintiff is unable to establish a prima facie case for all claims because he did not meet the time in grade requirement for the GS-15 position, and thus did not possess the minimum qualifications for the promotion. Defendant's second argument is that plaintiff does not have sufficient evidence to rebut defendant's assertion that Cesario was better qualified for the promotion than plaintiff.

**I. Prima Facie Case**

Where, as here, the record contains no direct evidence that the adverse employment action at issue was caused by prohibited discrimination, plaintiff's Title VII claims of race and sex discrimination are analyzed under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  Under this framework, plaintiff must first establish a prima facie case of discrimination by showing that: (1) he is a member of a protected class (here African-American and male); (2) he applied for and was qualified for an available position; (3) despite his qualifications, he was rejected; and (4) either someone filled the position or it remained vacant and the employer continued to seek applicants.  *Id.*  Plaintiff's age discrimination claim under

the ADEA is governed by the same framework.  *Koger v. Reno*, 98 F.3d 631, 633 (D.C. Cir. 1996).  For that claim, plaintiff must first show "that [he] is a member of the protected class (here, persons 40 or older) who was qualified for and applied for a position, but was rejected in favor of a younger [employee]."  *Id.*

Defendant argues that plaintiff cannot establish a prima facie case because he was not minimally qualified for the GS-15 position, specifically in that he did not meet the time in grade requirement.  According to the agency's Merit Staffing Plan, "[c]andidates must meet the time in grade . . . and the qualifications requirements in merit staffing actions by the closing date of the announcement."  Def.'s Ex. C, ROI Tab A, at 5.  The GS-15 position at issue here required applicants to have at least one year of experience at the next lowest grade.  Plaintiff, however, was promoted to a GS-14 position in February 2000, and thus did not have a full year of experience by the announcement's closing date of January 19, 2001.  *See* Def.'s Ex. D, Decl. of Kimberlee Laws.  Plaintiff argues first that he did meet the time in grade requirement by the time the position was actually filled in August 2001.  Plaintiff also contends that under the vacancy announcement, applicants could meet the experience requirement with a combination of education and specialized experience, and that plaintiff did so here.

The Court, however, need not resolve this question of plaintiff's minimum qualifications.  A plaintiff must satisfy the minimum qualifications element of the prima facie test in order to eliminate the most common non-discriminatory explanation for the adverse action – lack of qualifications.  *Anderson v. Zubieta*, 180 F.3d 329, 342 (D.C. Cir. 1999).  Elimination of this explanation allows the plaintiff to create an inference that the employer's decision was a discriminatory one.  *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977).  In this case, it is undisputed that defendant regarded plaintiff as having met the minimum requirements for the GS-15 position, despite the fact that he may not have.  Plaintiff was placed on the list of certified eligible candidates and Parker, in explaining his decision, did not base it on plaintiff's failure to meet the time in grade requirement.  Because the record clearly shows that defendant did not reject plaintiff for failing to meet the minimum qualifications, plaintiff is able to create an inference of discrimination, and thus establish a prima facie case under the *McDonnell Douglas* framework.  *See id.*

**II. Evidence of Pretext**

Under the framework, once the plaintiff has established a prima facie case, the burden shifts to the defendant to produce evidence that the plaintiff was rejected for a legitimate, non-discriminatory reason.  *Holcomb*, 433 F.3d at 896.  This

8

burden is only one of production, and defendant "need not persuade the court that it was actually motivated by the proffered reasons."  *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  Defendant has met this burden by articulating a non-discriminatory reason for plaintiff's non-selection.  Specifically, Parker, the decision-maker, stated that Cesario was selected over plaintiff because she demonstrated better communication skills, leadership experience, and a broader range of experiences with upper management and other agencies. By articulating these non-discriminatory reasons, defendant has rebutted plaintiff's prima facie case.  *See Holcomb*, 433 F.3d at 896; *Young v. Perry*, 457 F. Supp. 2d 13, 18 (D.D.C. 2006).

Defendant having offered a non-discriminatory explanation for its promotion decision, the presumption of discrimination simply "drops out of the picture" or disappears.  *See Holcomb*, 433 F.3d at 896.  At this point, "to survive summary judgment the plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason."  *Id.* (internal quotation marks omitted).  "All of the evidence" includes: (1) evidence establishing the plaintiff's prima facie case; (2) evidence the plaintiff presents to attack the employer's proffered explanation for its actions; and (3) any further evidence of discrimination that may be available to the plaintiff, such as independent

9

evidence of discriminatory statements or attitudes on the part of the employer. *Id.*

In the context of contested promotion decisions, the D.C. Circuit has articulated more detailed standards that specify what a plaintiff must demonstrate in order to create a sufficient inference of discrimination in this last step of the framework. The animating rationale for these standards is that courts are not to serve as a "super-personnel department that reexamines an entity's business decisions." *Id.* at 897. Therefore, if a plaintiff attempts to create an inference of discrimination by arguing that he was better qualified for the position than the chosen applicant, "the qualifications gap must be great enough to be inherently indicative of discrimination." *Id.* Specifically, the evidentiary record must demonstrate that the plaintiff was "markedly more qualified" or "substantially more qualified" than the chosen applicant. *Id.; see also Young*, 457 F. Supp. 2d at 20 (requiring plaintiff to show that her credentials were "starkly superior" or that she was "substantially more qualified"). In addition, a "plaintiff's subjective assessment of her own qualifications and performance cannot serve to establish pretext under the law." *Young*, 457 F. Supp. 2d at 19.

Plaintiff asserts that he was the "best qualified" candidate for the GS-15 position. Pl.'s Opp. at 7. Specifically, plaintiff cites his "superior knowledge of the attendant skills,"

and the fact that he had thirty years of experience compared to Cesario's fifteen years of overall experience. *Id.* Plaintiff's purely subjective assertion that he had superior overall skills bears little weight. His only objective proof for that assertion is that he had more years of overall experience. This evidence, however, does nothing to challenge Parker's justification that Cesario's record and interview demonstrated better leadership skills and a broader set of *relevant* experiences.[2] Plaintiff further states that his performance was rated as "commendable" during the relevant period. Cesario's most recent review submitted with her application, however, rated her performance as "exceptional," the highest possible rating. Def.'s Ex. C, ROI Tab F5, at 44-51.

Finally, plaintiff himself notes that Cesario had been promoted five times since she began her career in the department in 1990. Pl.'s Opp. at 19. Plaintiff vaguely implies that this fact leads to an inference of illegal favoritism or discrimination by defendant, but the most obvious inference is that Cesario was a talented individual who excelled on the job.

---

[2] Plaintiff attacks Parker's justification because he did not take notes during the interviews or otherwise memorialize his decision-making process. Parker's affidavits and deposition testimony, however, are cognizable forms of evidence at summary judgment, and are therefore entitled to consideration. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). Contrary to plaintiff's argument, defendant is not required to provide additional corroboration of Parker's statements.

11

Thus, plaintiff has failed to demonstrate that he was markedly or substantially more qualified than Cesario, and therefore cannot create an inference of discrimination based on his supposedly superior qualifications.  *See Holcomb*, 433 F.3d at 898; *Young*, 457 F. Supp. 2d at 21.

A plaintiff in a Title VII or ADEA case is not limited to challenging the employer's explanation; he can also avoid summary judgment by presenting other evidence, direct or circumstantial, that permits an inference of discrimination.  *Holcomb*, 433 F.3d at 899.  Examples of such evidence include discriminatory statements by the employer, other attitudes suggesting the decision-maker harbors discriminatory animus, or data showing that the defendant employs members of the plaintiff's protected class at rates far below their numbers in the applicant pool and the general population.  *Id.* (citing several cases).

Plaintiff recites a litany of allegations purporting to show unlawful animus on the part of Parker or the Department of Labor.  First, plaintiff states that he was treated differently because he was not informed of the vacancy announcement in the proper fashion.  Plaintiff, however, admitted that he did not know whether other applicants were notified in the proper fashion.  Harris Dep., Feb. 9, 2005, at 8-9.  Second, plaintiff claims that a personnel officer told him that he did not have to update his application materials on file.  Again, even if true, plaintiff

presents no evidence that the personnel office treated other applicants any differently than him.  Third, plaintiff points to the fact that the ETA department was once subject to a class action settlement agreement intended to resolve issues of racial discrimination that arose in the early 1980's.  Even if Parker was employed by the ETA at that time, the fact that this settlement existed does not create a legitimate inference of racial discrimination for a 2001 promotion decision.

Fourth, plaintiff points to the statistical evidence that from September 1999 to September 2001, Parker promoted female employees on eight consecutive occasions.  Plaintiff does not present any evidence of the applicant pool for these promotions, however, and it is impossible to reasonably infer sex discrimination from this fact because 75% of the department's employees were women.  Finally, plaintiff speculates that Parker was pressured to select Cesario for some predetermined, illegitimate reason, but Parker has specifically denied that allegation.  Plaintiff's only objective evidence to substantiate the allegation is an incident where duties in association with the Workforce National Grant Program were taken away from him and given to another employee, James Stockton.  Plaintiff fails to explain, however, how this passing of duties could have effected Cesario's selection for the promotion.

Despite plaintiff's many allegations, the record reveals

that plaintiff has not produced sufficient other evidence to satisfy his "burden of showing that a reasonable jury could conclude" he failed to receive the GS-15 position on account of his race, age, or gender.  *See Holcomb*, 433 F.3d at 901.  In combination with his failure to produce evidence rebutting defendant's legitimate, non-discriminatory reasons for selecting Cesario, the Court concludes that plaintiff has failed to satisfy his burden at the summary judgment stage.  *See id.*

## CONCLUSION

Because plaintiff has failed to satisfy his burden at summary judgment in the face of defendant's legitimate explanation for the promotion decision, defendant's motion for summary judgment is **GRANTED**, and plaintiff's claims are **DISMISSED with prejudice**.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:     Emmet G. Sullivan
             United States District Judge
             March 20, 2007**